IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FREDDY HURLEY §
 §
    Petitioner, §
 §
VS. §
 § NO. 3-08-CV-0968-L
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
 §
    Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Freddy Hurley, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 1977, petitioner pled guilty to burglary of a habitation with the intent to commit aggravated rape and was sentenced to 15 years confinement. Although petitioner has fully discharged that sentence, he alleges that the burglary conviction was used to enhance his punishment in a 1987 aggravated robbery case for which he is still incarcerated.[1] In 2006, petitioner filed a motion for DNA testing related to his burglary conviction. The state responded that "there is no evidence in this

---

[1] It does not appear that the 1977 burglary conviction, for which petitioner seeks DNA evidence, was used to enhance his punishment in the 1987 aggravated robbery case. The indictment in the aggravated robbery case contains a single enhancement paragraph alleging a prior conviction for an aggravated rape committed in 1977. *See Ex parte Hurley*, WR-23,171-01, Tr. at 65 (Tex. Crim. App. Apr. 29, 1992). Throughout his federal writ and related pleadings, petitioner makes clear that he is challenging the destruction of DNA evidence necessary to establish his innocence in the 1977 burglary case--not the aggravated rape case.

case containing biological material that could be subjected to DNA testing." Based on that representation, together with letters from various law enforcement agencies confirming that no evidence related to the burglary case was located, the state court denied petitioner's motion.[2] That decision was affirmed on direct appeal and upheld on state collateral review. *Hurley v. State*, No. 05-07-00597-CR, 2008 WL 2454675 (Tex. App.--Dallas, Jun. 19, 2008, no pet.); *Ex parte Hurley*, WR-23,171-14 (Tex. Crim. App. Apr. 9, 2008). Petitioner then filed this action in federal district court.

II.

In two related grounds, petitioner contends that he is actually innocent of the 1977 burglary offense and that the state violated his right to due process by destroying potentially relevant DNA evidence. Before addressing these claims, the court must determine whether petitioner is "in custody" under his burglary conviction. This jurisdictional issue has been fully briefed by the parties and is ripe for determination.

A.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a

---

[2] Under Texas law:

> A convicting court may order forensic DNA testing . . . only if [ ] the court finds that [ ] the evidence [ ] still exists and is in a condition making DNA testing possible[.]"

TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2007).

prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary. . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original). *See also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254).

B.

While acknowledging that he has fully served his 15-year sentence in the 1977 burglary case, petitioner maintains that he is still "in custody" under that conviction because he must register as a sex offender and report regularly to law enforcement authorities. (*See* Pet. Reply at 6). Petitioner compares the sex offender registration and reporting requirements to conditions of parole which, in certain circumstances, have been held to satisfy the "in custody" requirement of section 2254. (*Id.*). However, the requirements imposed on sex offenders under Texas law are not sufficiently restrictive to constitute a form of custody. *See, e.g. Prieto v. Cockrell*, No. 3-01-CV-1521-M, 2001 WL 1445351 at *2 (N.D. Tex. Nov. 14, 2001), *appeal dism'd*, No. 02-10420 (5th Cir. May 7, 2002) (holding that sex offender registration requirements are not sufficient to satisfy "in custody" requirement of section 2254); *Ex parte Mercado*, No. 14-02-00750-CR, 2003 WL 1738452 at *6 (Tex. App.--Houston [14th Dist.], Apr. 3. 2003, no pet.), *citing* TEX. CODE CRIM. PROC. ANN. art.

62.04(a) (Vernon Supp. 2002) (describing Texas sex offender registration requirements as "a minor restriction on one's right to travel"). *See also Virsnieks v. Smith*, 521 F.3d 707, 718-20 (7th Cir. 2008), *cert. denied*, ___ S.Ct. ___, 2008 WL 2463812 (Oct. 6, 2008) (petitioner who discharged his sentence but remained subject to sex offender registration and reporting requirements was not "in custody" for purposes of seeking federal habeas relief); *Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (registration requirements under Ohio sex offender statute did not satisfy "in custody" requirement of section 2254); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (same as to Oregon sex offender statute); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir.), *cert. denied*, 120 S.Ct. 397 (1999) (same as to California sex offender statute); *Williamson v. Gregoire*, 151 F.3d 1180, 1184-85 (9th Cir. 1998), *cert. denied*, 119 S.Ct. 824 (1999) (same as to Washington sex offender statute). Consequently, the court lacks subject matter jurisdiction over this action.[3]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] To the extent petitioner attempts to challenge his 1987 aggravated robbery conviction, his habeas petition is successive. A prior federal writ challenging that conviction was dismissed on limitations grounds, *see Hurley v. Johnson*, No. 3-99-CV-1351-P (N.D. Tex. Jun. 6, 2000), *appeal dism'd*, No. 00-10683 (5th Cir. Jul. 24, 2000), and petitioner has not obtained permission from the Fifth Circuit to file a successive writ.

DATED: October 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE